UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00203-FDW

| | |
|---|---|
| JEREMY LYNN BENFIELD, *aka Jeremy Lynn Cooper*, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) ) |
| NORA HUNT, | ) ) |
| Respondent. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court upon Petitioner Jeremy Lynn Benfield's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who, on January 5, 2001, was convicted by a jury in Iredell County Superior Court of one count of robbery with a dangerous weapon. (§ 2254 Pet. 1-2, Doc. No. 1.) He was sentenced to a minimum of 117 months and a maximum of 150 months in prison to be served at the expiration of all sentences he already was obligated to serve. (J. and Comm. 51, Doc. No. 1-1.) Petitioner's judgment was upheld on direct appeal. State v. Benfield, 562 S.E.2d 470 (N.C. Ct. App. 2002) (unpublished).

Petitioner sought discretionary review by motion in the North Carolina Supreme Court on January 19, 2016. State v. Benfield, 782 S.E.2d 736 (N.C. 2016) (Mem). His motion was denied on March 17, 2016. Id.

Next, Petitioner filed a Motion for Appropriate Relief ("MAR") in Iredell County Superior Court on July 13, 2016, which was denied on August 15, 2016. (Order Den. MAR 12,

Doc. No. 1-1.) On September 6, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. (§ 2254 Pet. 4.) It was denied on September 22, 2016. (§ 2254 Pet. 4.)

Petitioner filed the instant § 2254 habeas Petition on October 16, 2016, when he placed it in the prison mail system, see Houston v. Lack, 487 U.S. 266, 267 (1988). (§ 2254 Pet. 19.) Petitioner raises the following grounds for relief: 1) the trial court violated his right to due process by sentencing him outside the mitigated range; 2) the trial court erred in imposing a consecutive sentence; 3) the sentence imposed was grossly disproportionate; 4) a 2009 sentencing law should be applied retroactively to Petitioner's judgment; 5) trial counsel rendered ineffective assistance; 6) appellate counsel rendered ineffective assistance; and 7) the trial court erred in denying Petitioner's motion to dismiss and allowing the case to proceed to the jury. (§ 2254 Pet. 5-15.)

## II.    STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a

statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on January 5, 2001, when Petitioner was sentenced. His direct appeal was denied by the North Carolina Court of Appeals on March 19, 2002. Benfield, 562 S.E.2d 470. Petitioner then had thirty-five days, up to and including April 23, 2002, to file a petition for discretionary review ("PDR") in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not file a PDR within those thirty-five days, Petitioner's conviction became final on or about April 23, 2002, when the time for seeking that review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about

3

April 23, 2003, more than 13 years before Petitioner filed the instant § 2254 habeas Petition. None of Petitioner's filings in the state courts after that date resurrected or restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Thus, absent equitable tolling or application of § 2244(d)(1)(B), (C), or (D), the Petition is time-barred under § 2244(d)(1)(A).

In addressing the timeliness of his habeas Petition, Petitioner states that he "is filing pursuant to § 2244(d)(1)(D)." (§ 2254 Pet. 17.) He fails, however, to identify the factual predicate at issue, disclose when it was discovered, or articulate how or why § 2244(d)(1)(D) applies to one or more of his claims. Consequently, the Court provided Petitioner additional time to explain why the instant habeas Petition should not be dismissed as untimely, including any reasons why equitable tolling should apply, see Hill, 277 F.3d at 706. (Doc. No. 4.)

Petitioner has filed a Response in which he "contends that he was not appointed counsel by the appropriate relief court, violating his rights of due process and effective assistance of counsel" and cites Martinez v. Ryan, 566 U.S. 1 (2012). In Martinez, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel [or no counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." Id. at 132 S. Ct. at 9. Martinez is inapplicable here.

As an initial matter, Martinez does not guarantee a prisoner the right to counsel during state or federal post-conviction proceedings. Furthermore, "Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Florida Dep't of

4

Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations omitted). In other words, "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period." Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014). Martinez, therefore, cannot serve to toll the statute of limitations under § 2244(d)(1)(D).

**IV.    CONCLUSION**

Petitioner is not entitled to statutory tolling of the limitations period under § 2244(d)(1)(D). The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner has not argued that he is entitled to equitable tolling of the statute of limitations.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge